**In the Matter of the Petitioner for Registration of Title to Parcels of Land by Estate of MANUELA CRUZ SALAS, et al., Appellants**

### MARIA C. TAITANO, Appellee

## Civil No. 49-A

## District Court of Guam

### Appellate Division

## November 2, 1966

---

*Counsel for Appellants:*     FINTON J. PHELAN, JR.
*Counsel for Appellee:*     J. U. TORRES

Before SHRIVER, *Judge*, District Court of Guam; GOSS, *Associate Justice*, High Court of the Trust Territory of the Pacific Islands and DUENAS, *Judge*, Island Court of Guam

DUENAS, *Judge*, Island Court

OPINION

By virtue of the refusal of the Island Court of Guam to decree the registration of land title to a certain parcel of land, this matter was appealed to this Court.

This proceeding was instituted by certain heirs of the Estate of Manuela Cruz Salas, deceased, as petitioners under the provisions of the Land Title Registration Act (Sections 1157.1, et seq., Civil Code of Guam) for certification of land titles to Lot No. 2429 and Lot No. 2422, District of Maga, Municipality of Sinajana. The petition for registration as it relates to Lot No. 2422, was opposed by Maria C. Taitano, daughter of the alleged owner of Lot No. 2421, on the ground that Lot No. 2422 encroaches upon Lot No. 2421.

Ensuing the submission of evidence by the petitioners (appellants) and respondent (appellee), the court granted the application on petition for registration or certification of title to Lot No. 2429, but denied registration or certification of title to Lot No. 2422. The Court held that the petitioners failed to offer proof that they possessed the claimed interest by production of the regular chain of conveyance or by title to adverse possession, or by evidence establishing their interest as against the world. On the basis of the foregoing reasons coupled with the Court's finding of latent ambiguity or uncertainty as to the disputed boundary line between Lot No. 2422 and Lot No. 2421, the petition for registration of title to Lot No. 2422 was denied.

The appellants predicated their claim of ownership of the lands by virtue of intestate succession and subsequent deeds

of partition entered by and among the heirs. The proofs presented to the Court disclosed that Lot No. 2422 is a portion of Estate No. 123, first recorded on May 24, 1895 with possessory title vested in Dionicio de Salas Y Aguon, and by subsequent conveyances, ownership or possession became vested in the Estate of Manuela Cruz Salas, deceased; that said land measured 200 meters in length from east to west, and 90 meters in width from north to south, equivalent to an area of one hectare 80 ares, and that it was bounded on the *west* by the land of Ignacio de la Cruz. All deeds of conveyances subsequent to the original recording bear no description of the property other than a mere reference to the description shown in the first recorded document. A map prepared by a licensed surveyor for appellants was presented to the Court showing the metes and bounds description of Lot No. 2422. The map was admitted in evidence, and such became the basis of the appellants' contention that sufficient proof had been offered to establish their rights to have title to Lot No. 2422 registered in their names. It was only through this map that a definite description of the boundary lines of Lot No. 2422 was shown for the first time.

The appellants, however, have utterly failed to show the basis of the surveyor's affixation of the boundary line of Lot No. 2422 and Lot No. 2421, other than the proferred testimony of the surveyor that he found a pre-war monument on the east side of an old bull cart trail between Lots 2429 and 2430, and that he obtained the given description from certain Naval Government information under date of March 11, 1937. The mere translation of certain descriptions from an assumed Naval Government map, to an on-the-ground monumentation absent any proof of the authenticity of such map, its official standing, and its accuracy, leaves much to be desired as to its probative value. In our

opinion the fact that a survey was made as hereinabove stated does not, in and by itself, lend substance to appellants' contention that they have sustained the burden of proving their title to Lot No. 2422. We, therefore, concur with the Island Court that appellants had failed to offer the necessary proof which will entitle them to a decree of registration.

We also concur with the Court's holding that certain ambiguity or uncertainty existed as to the disputed common boundary line of Lot No. 2422 and Lot No. 2421.

The records of the Department of Land Management disclosed that Lot No. 2421, the land, allegedly owned by the father of the appellee, was bounded on the *East* by property belonging to the Estate of Francisco Gumataotao, and not by Lot No. 2422, thus negating appellants' contention that Lot No. 2422 was bounded on the West by Lot No. 2421. Contrariwise, other Land Management records, showed that Lot No. 2422 was bounded on the *West* by the property of appellee, as was contended by the appellants. The appellants, however, failed to explain to the satisfaction of the Court this obvious discrepancy of abutting property owners which is really one of the basic factors determinant of the common boundary line of Lot No. 2422 and Lot No. 2421.

It is relevant to note at this point that the findings of the trial Court did not determine one way or the other the alleged encroachment of Lot No. 2422 upon Lot No. 2421, which is the contention of the appellee, and which is the basis of her objection to the granting of registration of title to Lot No. 2422.

While the Island Court properly denied the petition for registration of title to Lot No. 2422, such denial should not be conversely construed as a holding by the Court that Lot No. 2422 encroaches upon Lot No. 2421 in the absence of any specific finding.

On the basis of the foregoing we can reach no other conclusion than to affirm the judgment of the trial Court. We, therefore, affirm.